UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZMA DIWALI ANAYA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARIN COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-04090-WHO<br><br>**ORDER GRANTING MARIN OSHER JEWISH COMMUNITY CENTER'S MOTION TO DISMISS; DENYING COUNTY OF MARIN'S MOTION TO DISMISS OR QUASH**<br><br>Re: Dkt. Nos. 28, 30 |

　　　　Defendants have moved to dismiss plaintiff's complaint. Under Civil Local Rule 7-1(b), this matter is appropriate for resolution on the papers and the September 17, 2014 hearing is VACATED. There will be no oral argument on the motions to dismiss.

　　　　As discussed below, I find that service was sufficient, but Ms. Anaya has not included enough facts to support her claims under the Americans with Disabilities Act and for conspiracy against the Osher Marin Jewish Community Center ("MJCC"). I have identified the types of facts that are missing and need to be pled by plaintiff. Plaintiff is ordered to file an Amended Complaint, which provides the missing facts, by **October 6, 2014**.

　　　　I also want to make it clear that this case is proceeding **only** against the MJCC and the Marin County Sheriff's Department. The Court **has not and will not** consider any allegations against persons and entities who are not part of this case or who have not been served (for example, the paramedics, Kaiser, or the San Rafael Police Department). Plaintiff cannot use this case to assert claims against others who were **not directly involved** in the May 23, 2012 incidents discussed below.

# BACKGROUND

## I. FACTUAL BACKGROUND

Ms. Anaya filed her complaint on September 4, 2013, against the Marin County Sheriff and the Osher Marin Jewish Community Center. She asserts causes of action for violation of the Americans with Disabilities Act, civil rights violations under the United States Constitution, and for false arrest and illegal detention. Docket No. 1. The claims are based on allegations that on May 23, 2012, Ms. Anaya was not allowed to enter the MJCC gym "normally" but was escorted to another area for "unexplained reasons." Complaint, at 4. Ms. Anaya requested a chair, but was denied one and fell to the floor. *Id*. Ms. Anaya argues this violated her rights under the Americans with Disabilities Act. Ms. Anaya alleges these acts by the MJCC are part of a "recent pattern" which started after she asked MJCC for "minor modifications" under the ADA. *Id*. She explains that she has a "neurological disability," which she contends MJCC knew about. She asserts that when she fell, she could not get up, and MJCC "conspired" to call the police to remove her from the premises. *Id*.

MJCC staff called paramedics and the Sheriff's Department. *Id*. Ms. Anaya asserts that the paramedics did not allow her to be taken to a hospital or to see her own doctor. Instead, the paramedics conspired with the Sheriff's Department to check only her mental stability, not her physical condition. *Id*. at 5. She contends that she was arrested by the Sherriff's department for failure to cooperate and trespass. She claims the arrest was in violation of her medical confidentiality, safe handling, and ADA. *Id*. She asserts that during this time, she was denied the use of a bathroom, all the while the MJCC conspired with the Sheriff's Department in demanding that she stand up. *Id*.

Plaintiff asserts that MJCC, concerned about the public, hid the scene behind a shoji screen. *Id*. at 6. She alleges that her arrest was not "clear" to her, no charges or rights were read to her, and there was "whispering" between the parties. *Id*. She asserts she was told by "Dominque" from the MJCC, that she had three seconds to get up or she would be arrested. *Id*. Ms. Anaya argues that she needed medical care and it was denied. *Id*. She was cuffed and taken out on a gurney. *Id*. She was taken briefly on the paramedics' wagon and then let off on a "less

visible" side of the MJCC and transferred to a Sherriff's car. *Id*. at 7.  She contends the car was too small, and she was injured in the process of getting her into the car by over-tight handcuffs and when the Deputies pressed their thumbs into her arms and lifted her by her arms. *Id*.  As a result of her treatment by the Sherriff's Deputies she claims to have continuing dysfunction in her arms, hands, back, neck, legs, and nervous system. *Id*.  She argues that her underlying medical condition is exacerbated by stress, this stressful episode exacerbated her condition, and she suffers from post-traumatic stress because of it. *Id*.

During her arrest and confinement, she claims she was denied accommodations for her special medical conditions including: separation from her aide; denial of medications; denial of equipment for mobility; denial of her special diet; denial of temperature regulation; as well as access to medical care and a toilet. *Id*. at 8, 9.  At the jail, she alleges that she was pushed to the ground, injured, and sworn at by a Deputy. *Id*. at 11.  She alleges she was "ushered" into the jail with her hair pulled back "screaming" in agony. *Id*.  She alleges that this was done to hurt and humiliate her, and as a "control tactic" to violate her First Amendment right to silence her speech and cries. *Id*.

In the jail, she was removed from her wheelchair, "dropped" forward, and her breasts were "ransacked/fondled" while her hands were still cuffed behind her back. *Id*.  She asserts the cuffs caused bruising and nerve damage. *Id*. at 9.  She argues that she was injured (and her religious rights violated) when the Sheriff Deputies forcibly removed her rings. *Id*. at 9.

She claims that her personal aide was coerced into coming to the jail to turn over a bag of Ms. Anaya's to a Sheriff's Deputy. *Id*. at10.  Ms. Anaya asserts this was a violation of her civil rights and HIPPA, since her bag was filled with sensitive medical information. *Id*.  Ms. Anaya alleges that the Sheriff Deputies pressured her to sign a "ticket" and threatened that her arrest would be "an expensive ride." *Id*. 10, 11.  Ms. Anaya asked for a lawyer but was allegedly told "there will be no lawyer for you." *Id.* at 10.[1]

---

[1] In her Complaint, Ms. Anaya alleges that paramedics conspired in the above events/injuries. Plaintiff also indicates that she intends to amend her Complaint to assert claims against Kaiser. *Id*. at 12; *see also* Amended Complaint.  In her pleadings, she broadly asserts that the unserved paramedics and Kaiser are responsible for some of her injuries.  However, neither the paramedics

On June 9, 2014, Ms. Anaya filed an Amended Complaint, adding five new pages of allegations. Docket No. 21. The Amended Complaint has additional allegations regarding MJCC's failure to provide accommodations under the ADA, and asserts violations of her First and Fourth Amendment property rights. *Id*. at 2. Specifically, she alleges that the MJCC did not provide enough time at closing (to leave the pool and gym) and staff was rude and pushy. *Id*. She asserts that staff did not monitor to the two ADA changing rooms, and the rooms were not always available and were used by people who did not need accommodations. When Ms. Anaya asked for MJCC to monitor the ADA changing rooms and to change the signage on the rooms, her requests were denied and only put her "under scrutiny" by MJCC management. *Id*. She also asked for clocks to be installed in the changing rooms and for a different accessible shower handle. *Id*. at 3. She asked MJCC staff to be more tolerant of "slowness" or to change the pool closing time 15 minutes earlier (presumably so she would not be rushed out of the changing rooms), but those requests were denied. *Id*. She asked for another card for an additional attendant (aide) but was "harassed" for that request and the MJCC made it "difficult" for her to keep her aide. *Id*. Ms. Anaya contends she was also denied a copy of her contract, questions about her membership were not answered, she was ridiculed because of her scholarship status, and made to feel unwelcome, and a hostile environment was created. *Id*. at 3-4. She claims membership funds were not returned to her after her arrest and she was no longer welcome at the MJCC. *Id*.

The Amended Complaint also reiterates her allegations against the Sheriff's Department, and asserts that the Deputies' actions at MJCC denied her Fourth Amendment rights to be "secure in my person" and her First Amendment rights since her "protest" was construed as resistance by the Deputies. *Id*. at 4. She asserts that her ADA rights were violated when she was separated from her aide and was denied a wheelchair at the jail. *Id*. at 5. She asserts she was punished by the Deputies because of her disabilities and charges the Deputies with using excessive force in violation of 42 U.S.C. § 1983 and personal injury. *Id*. at 5-6.

---

nor Kaiser have been served. As such, they are not part of this case and I will not address the allegations regarding them. Similarly, Ms. Anaya indicates that she intends to sue the San Rafael Police Department related to an arrest in 2012. The San Rafael Police Department is not a party to this case, and those claims will not be addressed.

In her Amended Complaint she adds allegations that the Marin Sheriff Deputies conspired with the San Rafael Police Department. *Id*. at 6. Ms. Anaya also adds allegations about Doe paramedic defendants who allegedly conspired with MJCC employees and deputies to conceal her arrest from the public and failed to provide her necessary medical treatment. *Id*. As noted above, this case is proceeding only against the defendants that have been served; namely MJCC and the Marin County Sheriff's Department. The paramedics, Kaiser, and the San Rafael Police Department have not been served, are not before this Court, and those claims will not be addressed.

## II.  PROCEDURAL BACKGROUND

Between the filing of her Complaint (in September 2013) and the filing of her Amended Complaint (in June 2014), the Court held case management conferences advising Ms. Anaya of her responsibility to serve defendants and addressing Ms. Anaya's requests for accommodation. In the June 25, 2014 Case Management Conference, Ms. Anaya informed the Court that she had served MJCC and the Sheriff's Department.   Docket No. 25; *see also* Docket No. 26.

Currently before the Court is defendant MJCC's motion to dismiss or strike for improper service under Federal Rules of Civil Procedure 4(m) and 8(a).  MJCC also moves to dismiss for failure to state a claim.  Docket No. 30.  Marin County moves to dismiss for improper service or, in the alternative, to quash service.  Docket No. 28.

## LEGAL STANDARD

In the Ninth Circuit, "the provisions of Rule 4 should be given a liberal and flexible construction." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).   Under Federal Rule of 4(m), a complaint should be served on defendants within 120days of filing.  A court can extend the time for service (on its own motion or after a request by plaintiff), and must extend the time for service upon a showing of good cause.  "Good cause" under 4(m), means excusable neglect, and can be established where (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001).

Under Rule 8(a), "A pleading that states a claim for relief must contain: (1) a short and

5

plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  The short and plain statement requirement is not a heavy one, plaintiffs are not required to set out the facts supporting their claim in detail, but just a statement of the claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I. MJCC'S MOTION**

**A. Service**

MJCC argues that the case should be dismissed for failure to serve within the 120 days, as required under Rule 4(m). But, I repeatedly extended the time for service for Ms. Anaya in my minute orders following the case management conferences. As MJCC points out, plaintiff finally served defendants on June 19, 2014, which was 10 days after my last service deadline of June 9, 2014 (imposed by the Court in the April 8, 2014 minute order). Docket No. 15. However, I find good cause exists and excuse Ms. Anaya's failure to serve by June 9, 2014. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period.").

MJCC's motion to dismiss for violation of Rule 4(m) is DENIED.[2]

**B. Short and Plain Statement**

MJCC also moves to dismiss under Rule 8(a), arguing that Ms. Anaya's original and Amended Complaint do not contain a "short and plain statement" of her claims, but instead contain "largely irrelevant, evidentiary and/or unintelligible matter." MJCC Motion at 6. MJCC argues it cannot determine from the pleadings what claims are asserted against it. *Id*. at 7.

---

[2] MJCC also argues that it was not served with a true and correct copy of the pleadings in this matter. *See* MJCC Reply at 1. However, review of the documents served by plaintiff – attached as Ex. A. to MJCC's motion – and the Complaint and Amended Complaint [Docket Nos. 1 & 21], shows that what Ms. Anaya served on MJCC on June 20th were copies of both the Complaint and Amended Complaint, but that the cover page of the Amended Complaint was missing. That defect does not undermine the fact that MJCC received service and is on notice of the pleadings in this case.

7

I agree that the pleadings (Complaint and Amended Complaint) are difficult to parse, but construing her pleadings liberally and affording her the benefit of any doubt, I find that the pleadings satisfy Rule 8(a).

Ms. Anaya is attempting to state a claim under the Americans with Disabilities Act against MJCC based on her assertions that MJCC: denied her use of a chair, causing her to fall down; denied her adequate time to change following the closure of the pool/gym; denied her adequate access to ADA compliant changing rooms; denied her requests for accommodations, including installing clocks in the ADA changing rooms and installing a shower handle; and that she was retaliated against in response to her requests for accommodations. While MJCC asserts that Ms. Anaya has failed to allege she is a qualified individual with a disability, construing her pleadings liberally I disagree: Ms. Anaya asserts that she has a developmental neurological disability. Complaint, at 4.

Plaintiff is also attempting to state a claim under 42 U.S.C. § 1983 for violation of her First and Fourth Amendment "property rights"; based on her claims that MJCC refused to provide her enough time to change and that MJCC shared her MJCC file with the Sheriff's Department. Relatedly, she appears to be asserting that MJCC conspired with the Sheriff's Department to have her arrested and denied medical care in violation of her constitutional rights.

In her Amended Complaint, Ms. Anaya also attempts to state a claim for a violation of HIPAA (the Health Insurance Portability and Accountability Act of 1996 (HIPAA)), because a MJCC employee shared her "file" with the paramedics and/or Sheriff Deputies.

Construing her allegations liberally, and finding that she is attempting to state the claims identified above, MJCC's motion to dismiss for failure to comply with Rule 8(a) is DENIED.

**C. Failure to State a Claim**

As discussed above, I recognize that Ms. Anaya's pleadings are dense and confusing. As a result, MJCC has not had a full opportunity to raise specific challenges to each of the causes of action identified by the Court above (ADA, section 1983/conspiracy, HIPAA), and instead only addresses a few of her claims briefly in its motion. I will, nevertheless, address the claims to determine whether Ms. Anaya states a claim.

### 1. ADA

MJCC moves to dismiss Ms. Anaya's ADA claim for failure to state a claim. As explained by the Ninth Circuit, "Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce. 42 U.S.C. §§ 2000a(b), 12182(a)." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904-905 (9th Cir. 2011).

The regulations implementing the ADA provide, "A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302.

In addition, "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303. "[A]uxiliary aids and service" includes, "Acquisition or modification of equipment or devices." 28 C.F.R. § 36.303(b)(3).

The regulations further provide that, this part "does not require a public accommodation to provide its customers, clients, or participants with personal devices, such as wheelchairs; individually prescribed devices, such as prescription eyeglasses or hearing aids; or services of a personal nature including assistance in eating, toileting, or dressing." 28 C.F.R. § 36.306.

Reviewing her original and Amended Complaint, plaintiff has failed to allege sufficient facts to support her ADA claim. She will be given an opportunity to file another amended complaint, to provide the missing factual allegations which I identify below.

In particular, Ms. Anaya alleges that MJCC denied her adequate time to change following the closure of the pool/gym. However, she needs to assert additional facts in order to allege that the requested accommodate was both necessary and reasonable. For example, Ms. Anaya does not explain why the extra time was necessary for her to be able to use the facilities. She does not explain when the denials of extra time occurred or how frequent they were (*i.e.*, once or twice, or a consistent problem that occurred every time she used the facilities). Ms. Anaya does not explain when she asked for additional time (*i.e.*, prior to needing it or only after the pool/gym had closed). She also does not state facts that showing the MJCC's failure to provide the requested modifications could be "unreasonable." For example, if all MJCC patrons are given the same amount of time to change following use of the gym or pool, then she is not being treated differently because of her disability.

Similarly, with respect to the alleged denial of access to ADA changing rooms, she fails to allege facts showing when that deprivation occurred, how often it occurred, whether she complained of the issue, and when. With respect to her requests for accommodations for a clock in the changing rooms and a special shower handle, she does not identify when these requests were made or facts showing why they were necessary. For example, she does not say why using her own watch cannot meet her needs, or how the existing shower handle is not a reasonable accommodation for her and other disabled users. Simply because an aid might be more useful for a particular disabled person, does not mean that a defendant must provide it, unless facts are alleged to show that without that aid, the disabled cannot have full and equal enjoyment of a facility.

Finally, with respect to her allegation that she was "retaliated" against by MJCC for making accommodations requests, she again fails to state the exact facts that underlie her claim; when the accommodation requests were made, when specific acts of retaliation occurred, and what those retaliatory acts were.

Ms. Anaya is given leave to amend so that she can assert these additional facts, so that MJCC knows exactly what it needs to respond to with respect to her ADA claim.

### 2. Constitutional Claims

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). Generally, private parties like the MJCC are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Here, there is no evidence that by operating a community center, MJCC is acting under color of law. Therefore, Ms. Anaya *cannot* state a claim that MJCC denied her constitutional rights. Non-governmental entities, like MJCC, are not liable under § 1983.

However, plaintiffs may allege that a non-governmental entity conspired with a governmental entity to violate constitutional rights. *See, e.g.*, *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "To prove a conspiracy between the state and private parties under section 1983, [plaintiff] must show 'an agreement or "meeting of the minds" to violate constitutional rights' . . . . To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-1541 (9th Cir. 1989) (internal citations omitted).

If Ms. Anaya wants to allege that MJCC employees *conspired* to act with agents of the government to violate her constitutional rights, she has failed to allege facts supporting that claim. Plaintiff pleads no facts that would show that MJCC had an "agreement" to conspire with the Sheriff's Department to violate her rights. Conclusory allegations that assert simply the existence of a conspiracy are insufficient. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Instead, a plaintiff must identify specific facts showing what *each* member of the conspiracy did, and from which a court can plausibly infer that a conspiracy exists. *Id*.

11

Here, that means that Ms. Anaya must identify the individuals at MJCC who conspired with the Sherriff's Department, as well as what specific actions each MJCC employee took as part of that conspiracy.[3]

### 3. HIPAA

To the extent Ms. Anaya asserts a claim under HIPAA – based on the allegation that MJCC showed her file to the paramedics or Sheriff Deputies – she cannot do so because there is no private right of action for violations of HIPAA. *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Ms. Anaya cannot assert a HIPAA violation against any of the defendants as a matter of law. Therefore, Ms. Anaya's claim for violation of HIPAA is DISMISSED WITH PREJUDICE.

However, Ms. Anaya is given leave to amend her ADA and conspiracy claims to attempt to add the missing facts identified above.

## II. SHERIFF'S DEPARTMENT

The County of Marin moves to dismiss for insufficient service, pointing out that plaintiff's pleadings identify as a defendant "the Marin County Sheriff." However, the "Summons" was issued to and served on "the Marin County Sheriff Department." Docket No. 22. The County points out significant distinctions between the Sheriff and the Sheriff's Department, and argues that the *form* of service was incorrect, because it is unclear if plaintiff intends to sue the Sheriff himself or the Sheriff's Department. The County also argues that the *manner* of service is defective, because even if plaintiff was attempting to sue the Sheriff's Department, she served the summons and pleadings on a Deputy Sheriff and not on the County of Marin, which is the proper entity to serve for claims against the Marin County Sheriff's Department.

---

[3] To the extent that Ms. Anaya is attempting to state a claim for conspiracy under state law, she also fails to state sufficient facts. She does not allege or identify who conspired to harm her, when that conspiracy began, what acts each individual took in order to carry out the conspiracy, and how she was harmed from the alleged conspiracy. Without these facts, the Court cannot plausibly infer that specific defendants had reached an agreement to harm her. *See, e.g., Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (Cal. App. 1995) ("To prove a claim for civil conspiracy, [plaintiff] was required to provide substantial evidence of three elements: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct. As is well established, civil conspiracy is not an independent tort.").

As an initial matter, in her Opposition, plaintiff clarifies that she intends to sue the Marin County Sheriff's Department.  Docket No. 43.  This is consistent with her allegations and complaints about her arrest and injuries.

However, Ms. Anaya served her pleadings on a Sheriff's Deputy at the Marin County Sheriff's office, located at 1600 Los Gamos Drive, #200 in San Rafael.  Proof of Service [Docket No. 26], County Motion to Dismiss at 2.  The County argues that the location of service was improper, because under Federal Rule of Civil Procedure 4(j) and California  Code § 416.50(a), service on the Marin County Sheriff's Department can only be made at the County's executive offices or on the "clerk, secretary, president or presiding officer, or other head" of Marin County.

The County argues that manner of service must be strictly construed and service quashed.  However, in the Ninth Circuit, "the provisions of Rule 4 should be given a liberal and flexible construction."  *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).  In *Borzeka*, the applicable provision of Rule 4 required personal service on the United States Attorney for the district in which the action was pending and mailed service on the United States Attorney General.  The plaintiff, proceeding pro se, did not believe he could effectuate personal service and so served the complaint by mail.  The Ninth Circuit explained that "failure to comply with Rule 4(d) (5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 447.

Here, as made clear by the County's appearance, Marin County has received actual notice.  Second, Marin County does not argue that it will suffer prejudice – and I can see no basis for prejudice – from the defective service.  Third, plaintiff proceeding pro se took sensible (if legally incorrect) action in attempting to serve the Marin County Sheriff's Department by having the summons and pleadings delivered to the Marin County Sheriff's Department in San Rafael.  Finally, while the merits of plaintiff's allegations against the Marin County Sheriff's Department have not been tested, they should be by moving this case forward on its merits.  Requiring plaintiff to reserve the pleadings on the County defeats that purpose and only causes further delay.  *See,*

13

1 *e.g., Crane v. Battelle*, 127 F.R.D. 174, 178 (S.D. Cal.1989) (denying motion to quash were there
2 was substantial compliance with Rule 4 and no prejudice to defendants).
3     With respect to the form of the summons, as clarified by Ms. Anaya, the form of the
4 summons issued to the Marin County Sheriff's Department was correct. The fact that the Marin
5 County Sheriff is named in the pleadings is not significant, as the factual allegations and her own
6 admission make clear that Ms. Anaya intends to sue the Sheriff's Department over her arrest and
7 treatment at jail. *Cf. UFCW, Locals 197 & 373 v. Alpha Beta Co.*,736 F.2d 1371, 1382 (9th Cir.
8 1984) (dismissal for defects in form of service "is generally not justified absent a showing of
9 prejudice").
10     The County's motion to dismiss or quash for failure to provide adequate service of process
11 is DENIED. The County may, if it chooses, move to dismiss for failure to state a claim under
12 Rule 12(b)(6).

## CONCLUSION

14     For the reasons discussed above, MJCC's motion is GRANTED in part. Ms. Anaya's
15 causes of action under HIPPA and for direct violation of her constitutional rights against MJCC
16 are DISMISSED WITH PREJUDICE. Ms. Anaya has leave to file an Amended Complaint to
17 attempt to allege the missing facts in support of her ADA and conspiracy causes of action.
18 Plaintiff shall file her AMENDED COMPLAINT adding the missing facts by **October 6, 2014**.
19     The County of Marin's motion to dismiss or quash for defects in the summons is DENIED.

21     **IT IS SO ORDERED**.
22 Dated: September 16, 2014

                              WILLIAM H. ORRICK
                              United States District Judge