UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZMA DIWALI ANAYA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIN COUNTY SHERIFF, et al.,<br><br>        Defendants. | Case No. 13-cv-04090-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 70 |

    The Bernard Osher Marin County Jewish Community Center (MJCC) moves to dismiss plaintiff's Second Amended Complaint.[1] On her third try, plaintiff still fails to state a claim against the MJCC under the Americans with Disabilities Act or under any other theory. Despite construing the pleadings and her memoranda liberally and giving her the benefit of any doubt, I do not see how plaintiff can allege a plausible claim against MJCC.

    This motion is currently scheduled for hearing on January 7, 2015. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and I VACATE the hearing. Having considered the papers submitted, and for the reasons discussed below, the MJCC's motion to dismiss is GRANTED, and the claims against MJCC are DISMISSED WITH PREJUDICE. Plaintiff's lawsuit continues against the Marin County Sheriff's Department.

## BACKGROUND

    The facts underlying plaintiff's complaint against the MJCC, culminating in plaintiff's arrest at the MJCC on May 23, 2012, are described in detail in my September 16, 2014 Order dismissing the claims against MJCC with leave to amend. In that Order I identified the

---

[1] I treat the following documents as constituting plaintiff's operative Second Amended Complaint; Docket No. 1 (Complaint); Docket No. 21 (Amended Complaint with Claims) and Docket No. 64 (Second Amended Claim).

deficiencies that plaintiff needed to address with respect to her claims against the MJCC: plaintiff failed to allege facts showing that (i) she was denied access to the services at the MJCC because of her disability; (ii) she was being treated differently by the facility because of her disability; and (iii) her requested accommodations were both necessary and reasonable. Docket No. 46 at 10. With respect to her constitutional claims, I found that plaintiff failed to plead any facts, much less plausible facts, to demonstrate that the specific MJCC employees conspired with sheriff deputies to violate her constitutional rights. *Id*. at 11.

In response, plaintiff filed a "Second Amended Claim." Docket No. 64. In her Second Amended Claim, plaintiff asserts that the MJCC called the Marin Sheriff's Department "to clear the problem, Tazma Anaya, to make her leave," that it directed "hostility" and harassment towards her, that no "ADA corrections were ever made known" to her, and that scholarships to the MJCC were no longer offered. *Id*. at 1, 2. Plaintiff argues that MJCC's "silence" – MJCC's failure to extend plaintiff sympathy or attempt reconciliation, failure to seek plaintiff's continued membership at the facility, and failure to explain its treatment of plaintiff – is "agreement" to the charges in the suit. *Id*.

Plaintiff argues that the MJCC's silence "is charged as agreement to conspiracy with the police," because there was nothing done afterward to "offset" the injustice plaintiff felt she suffered. *Id*. at 1-2. An evidence of an act of conspiracy, plaintiff alleges that an MJCC employee (Barbara) shared a medical note from plaintiff's file with Dominique from the Sheriff's Department and Barbara orchestrated her arrest. *Id*. at 2, 3. She asserts that unspecified MJCC employees saw plaintiff get hurt by the sheriff deputies as evidence of a "conspiracy" to have plaintiff arrested in retaliation for plaintiff's requests for "minor" ADA modifications and because plaintiff's "determination and forthrightness was insurmountable." *Id*. at 2-3.

Plaintiff also attempts to state a First Amendment claim against the MJCC, arguing that her detention and arrest were in response to her attempts to "protest" unfair treatment by the MJCC. She argues that the MJCC is the functional equivalent of a public gathering place, like a shopping mall. *Id*. at 4-5. As such, plaintiff contends, she could not have been arrested for trespassing for exercising her free speech rights, though she "was no protester per se." *Id*. at 5.

With respect to her claims under the ADA, plaintiff asserts that the MJCC denied her request for "minor" modifications, and retaliated against her for making those requests by calling the police on May 23, 2012. *Id.* at 2-3. She asserts that Barbara from the MJCC deliberately and intentionally denied plaintiff a chair on May 23rd, which caused her to fall and not be able to get up. *Id.* at 3. Plaintiff asserts that on that day, she was denied entrance to the MJCC facilities, including use of a bathroom. *Id.* She also claims that MJCC staff was "unnecessarily rude and intolerant of slowness at closing time," and that by rushing people out the MJCC staff created a risk that a handicap person may slip and fall in the shower. *Id.* at 9. She asserts she moves "slowly" and that a watch "may not be as useful as a wide view wall clock while changing" and more time should be allowed at closing, which she was denied. *Id.* at 10. Plaintiff contends that monitoring the ADA accessible changing rooms would ensure "a better possibility of the handicap person to be treated fairly as compared to others" and "possibly assist" in preventing disabled people being prevented from retrieving their belongings stored in the ADA accessible changing rooms. *Id.* Plaintiff asserts the problems accessing the ADA accessible rooms occurred "frequently" or "usually" and became problematic to her peace of mind. *Id.* She also notes that she "experienced" the shower handle bar not staying in place and that one elderly woman apologized for taking so long in the room because she could not reach the handle. *Id.*

As a remedy against the MJCC, plaintiff wants: to prevent the MJCC from being able to "dismiss people" as will by using the police; to require the MJCC to be more image conscious; written and verbal apologies; ADA signage clarified; rooms monitored; pool closing hours pushed back 15 minutes or more "tolerance made" for the handicapped who move more slowly; and money to cover her damages. *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

1  has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require
2  "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to
3  relief above the speculative level."  *Twombly*, 550 U.S. at 544, 555.

        In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

        Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

        If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. FURTHER REQUESTS FOR ACCOMMODATION

        In her opposition to the MJCC's motion to dismiss, plaintiff asks for various accommodations (being provided a tablet/outline and list of tasks she needs to accomplish to respond to Court orders, being provided "advocacy" or counsel to assist her) and argues that without those accommodations, she cannot effectively litigate her case.  Docket No. 74 at 1-2. The Court, however, has provided plaintiff all of the accommodations reasonably possible.  Court staff have spent numerous hours helping plaintiff navigate the PACER/electronic case filing

systems, and despite providing her that access have also sent her hard copies of the pleadings from this case, including copies of her own filings. Ms. Anaya has also availed herself of the services of the Court's Pro Se Help Desk. The fact that Ms. Anaya may have cognitive and physical issues that make it harder for her to litigate this case cannot be resolved or alleviated by the Court. Plaintiff must do her best to comply with the Court's orders and move her case forward.

## II. CONSPIRACY CLAIMS TO DENY CONSTITUTIONAL RIGHTS

Plaintiff asserts two different conspiracy claims against MJCC; the MJCC conspired to have plaintiff arrested and that MJCC conspired to deny plaintiff her First Amendment rights.[2] "To prove a conspiracy between the state and private parties under [Section] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotations omitted). Conclusory allegations are insufficient to state a claim of conspiracy. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *cf. Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (factual allegations that third-party was involved in illegal interrogations and in formulating and directing the tactical plan employed by law enforcement were sufficient to state a conspiracy claim).

As to the First Amendment claim, plaintiff pleads no facts to show that she was exercising any First Amendment free speech or free association rights at the time she was arrested or her MJCC access was terminated, much less facts showing that MJCC conspired with governmental actors to deny her those rights. In fact, she admits that she was not a "protester per se." SAC at 5. Any First Amendment claim is barred by that admission and the lack of facts establishing that she was exercising First Amendment rights in using the MJCC's recreational facilities at the time the

---

[2] MJCC argues that plaintiff has not pled a claim for conspiracy to violate constitutional rights against the MJCC and, therefore, has waived that claim. Reply [Docket No. 75] at 1, 4. MJCC's repeated attempts to construe plaintiff's pro se pleadings against standards applied to represented litigants are, at best, unhelpful.

5

incidents occurred.[3]

As to her conspiracy to arrest claim, plaintiff still has not alleged facts to plausibly suggest that the MJCC and the Sheriff's Department developed a common plan to have plaintiff arrested. The facts – as admitted by plaintiff – are that plaintiff collapsed when Barbara attempted to speak with plaintiff as plaintiff was entering the MJCC. Plaintiff asserts that she collapsed and could not get up, as a result of Barbara refusing to provide her a chair. Plaintiff does not allege that Barbara intended plaintiff to collapse or knew that she would not be able to get up. Plaintiff admits that MJCC called law enforcement and paramedics, who arrived on the scene because plaintiff was unable to get up. There are no facts alleged to suggest that MJCC employees knew the police *would* arrest plaintiff (as opposed to the paramedics taking plaintiff to a hospital), that the police would not be able to get plaintiff to leave the MJCC on her own accord, or that the MJCC *directed* the police to arrest plaintiff when she would not or could not get up. In sum, there are *no facts* alleged to plausibly connect MJCC employees' or sheriff deputies' actions to an agreed-to plan to have plaintiff arrested.

In its prior order dismissing the claims against MJCC, I explained to plaintiff that she had not alleged facts to support a conspiracy claim against MJCC. Docket No. 46 at 11. Plaintiff has still not been able to do so in her Second Amended Claim and her opposition brief to this motion to dismiss did not assert any. Plaintiff's continued failure to plead facts to support this allegation means that this claim must be DISMISSED WITH PREJUDICE and without further leave to amend.

**III. ADA**

Plaintiff's ADA claim against the MJCC centers on her allegations that MJCC denied her request for accommodations, including a wall clock in the changing room, a modified shower handle, monitored ADA changing rooms, and a later pool closing or additional time between the pool and the building closing so that "slow movers" have enough time to change. She also alleges

---

[3] Because plaintiff alleges no facts showing that she was exercising any First Amendment rights at the time the complained of events took place means I need not reach the question of whether the MJCC can be liable as a semi-public forum for any First Amendment violation.

6

that MJCC staff were rude to her, harassed her, retaliated against her (by instigating the events that occurred on May 23, 2012) and terminated her membership because of her ADA accommodation requests.

As noted in the prior motion to dismiss, "Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce. 42 U.S.C. §§ 2000a(b), 12182(a)." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904-905 (9th Cir. 2011). "An individual alleging discrimination under Title III must show that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).[4]

Reviewing the operative pleadings – as well as the assertions plaintiff makes in her opposition, Docket No. 74 – plaintiff still has not alleged sufficient facts that could plausibly show that she was denied access to MJCC's services, treated differently because of her disability, or that the "minor" ADA accommodations were necessary to accommodate her disability. Plaintiff herself admits repeatedly in her Second Amended Claim that she sought only "minor" modifications. *Id*. at 2, 3. There is no evidence that without these minor modifications, plaintiff was denied access on an equal basis to the MJCC's facilities or otherwise discriminated against.

---

[4] The regulations implementing the ADA provide, "A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302. In addition, "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303.

The ADA does not require an entity to provide the best accommodations possible, only *reasonable* ones to ensure equal access to its services.

With respect to the wall clock in the changing room, plaintiff asserts only that a "watch may not be a useful as a wide view wall clock while changing" but does not allege how the denial of a wall clock prevented her from accessing the facilities or caused discrimination. The simple fact that plaintiff may have had a preference for a wall clock (as opposed to relying on her own watch) does not make denial of a wall clock a violation of the ADA.

Similarly, with respect to the later pool closing time and provision of more time to change, plaintiff does not allege facts that plausibly establish that denial of those requests prevented her from using the pool or changing rooms or that the MJCC's closing times otherwise discriminated against her because of her disability. The fact that the staff was rude or pushy or demanding in attempting to move patrons out of the facility to accommodate the MJCC's closing time likewise cannot establish a violation of the ADA.[5] The fact that other patrons complained about the lack of time to change following the closure of the pool (in her opposition, plaintiff mentions "Bill" who complained to plaintiff's aide about the MJCC closing time) cannot establish a violation of her or Bill's ADA rights. Docket No. 74 at 4. Finally, plaintiff's assertion that the "rush" imposed by the MJCC's pool closing time created a dangerous situation does not establish a violation of the ADA, absent any evidence that she was denied access to the facilities at the MJCC. SAC, Docket No. 64 at 4-5. Similarly, the fact that plaintiff complained that she had to wait to access the ADA accessible changing rooms because of ambiguous signage or because other patrons were improperly using them, does not state a claim under the ADA that she was denied services or discriminated against because of her disability.

With respect to the request for an adjustable shower handle, plaintiff appears to argue that the accessible shower handle installed in the ADA accessible changing room did not work well because it either did not stay in place and/or it was set too high for some patrons to use. SAC at

---

[5] The Second Circuit has noted that "legislation such as the ADA cannot regulate individuals' conduct so as to ensure that they will never be rude or insensitive to persons with disabilities." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008).

10. However, she does not say that she was unable to use it, only that it was inconvenient and took her longer to shower.  Plaintiff cannot state an ADA claim based on allegations that a shower handle that occasionally did not work "well" for her and one other patron.  *See, e.g., Dobard v. San Francisco Bay Area Rapid Transit Dist.*, Case No. 92-3563 DLJ, 1993 WL 372256, at *3 (N.D. Cal. Sept. 7, 1993) (rejecting claim that ADA required entity to provide auxiliary aid that was "most effective" for a particular hearing-disabled individual).

With respect to her claim that MJCC retaliated against her – terminating her access to the MJCC and/or conspiring to have her arrested – because of the minor modifications plaintiff requested, plaintiff has stated no facts to support that claim.[6]  Her own facts establish that law enforcement officers were called on May 23, 2012 because plaintiff could not or would not get up after she fell and plaintiff does not allege any facts to support an inference that MJCC intended to have her arrested prior to the events on May 23, 2012 because of plaintiff's requests for admittedly "minor modifications."  With respect to her access to MJCC facilities, plaintiff states no facts in support of her claim that her access to MJCC was terminated because of her requests for modifications.  The facts more plausibly indicate that plaintiff's access was terminated because the MJCC believed that plaintiff refused to get up and leave the premises on May 23, 2012.

Finally, to the extent that plaintiff alleges the MJCC violated the ADA because the MJCC failed to ensure that the paramedics who responded to the MJCC on May 23, 2012 took plaintiff to a hospital (SAC at 3), those allegations cannot state a claim under the ADA.  Those allegations do not establish that the MJCC failed to make a requested reasonable modification that was necessary to accommodate the plaintiff's disability in terms of the *services* the MJCC offered.[7]

On her third attempt, plaintiff is still unable to state any facts that would establish that the MJCC violated the ADA.  I have considered every fact plaintiff has asserted in her Complaint

---

[6] 42 U.S.C. § 12203(a) provides: "Retaliation.  No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

[7] It also bears emphasis that plaintiff cannot sue MJCC for monetary damages for violations of Title III of the ADA.  *See* 42 U.S.C. § 12188(a)(1); *Rodriguez v. Barrita, Inc.*, Case No. 09-04057 RS, 2014 WL 31739 (N.D. Cal. Jan. 3, 2014).  Plaintiff *only* has standing to sue for injunctive relief.

9

(Docket No. 1), her Amended Complaint with Claims (Docket No. 21), and her Second Amended Claim (Docket No. 64) as well as all facts she asserted in both of her opposition briefs to the motions to dismiss. That plaintiff has not stated an ADA claim is not because of any misstatements or mistakes of law (related to her not having, or being, a lawyer). It is because the things she is complaining of – the rudeness, the denial of minor modifications – *cannot* amount to violations of the ADA under the facts as alleged by plaintiff.

## CONCLUSION

Plaintiff has been given repeated opportunities to amend her claims against the MJCC to state a claim for conspiracy and for violation of the ADA. Despite being given clear direction on what was missing from her prior pleadings, plaintiff still has not alleged plausible facts to suggest she can state a claim against the MJCC. Therefore, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. Plaintiff's claims against the MJCC are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: December 22, 2014



WILLIAM H. ORRICK
United States District Judge