UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZMA DIWALI ANAYA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIN COUNTY SHERIFF,<br><br>    Defendant. | Case No. 13-cv-04090-WHO<br><br>**ORDER RE PENDING MOTIONS**<br>Re: Dkt. Nos. 78, 79, 80 |

Currently before the Court are plaintiff's request for an extension of time to file her Third Amended Complaint reasserting claims against the Marin County Sheriff's Department and individual Sheriff Deputies [Docket No. 78], plaintiff's request for further accommodations, and plaintiff's motion for the Court to reconsider its December 22, 2014 Order dismissing plaintiff's claims against the Marin County Osher Jewish Community Center (MJCC). Docket Nos. 79-80.

**I.  MOTION FOR AN EXTENSION OF TIME**

Plaintiff asks for additional time to file her amended allegations against the Sheriff's Department and individual deputies, so that she is able to meet with a representative from the Court's Pro Se Help Desk.  Docket No. 78.  The request is GRANTED.  Plaintiff shall file her Third Amended Complaint by **January 14, 2015**.  No further extensions of time will be granted absent extraordinary circumstances.

**II.  REQUEST FOR ADDITIONAL ACCOMMODATIONS**

Plaintiff has also filed a motion styled as a "Motion to Accept Disability and Accommodate."  Docket No. 80.  In that motion, plaintiff expresses her concern that I do not

believe that she is disabled by multiple sclerosis (MS) and other ailments. <u>To be very clear</u>: in ruling on plaintiff's prior requests for accommodations and in issuing each of my prior orders, I have <u>taken as true</u> plaintiff's assertion that she is disabled by MS and her other ailments.

In this motion, plaintiff asks me to provide recordings of prior Case Management Conferences; presumably so she can demonstrate that I acknowledged her disability on the record or to support her claim that her cognitive abilities have recently improved. Docket No. 80 at 1. This request is DENIED. In ruling on her accommodation requests and motions, I have accepted as true that plaintiff is disabled. I also accept plaintiff's current assertion that her cognitive abilities have recently improved. Accepting these assertions as true, however, does not undermine or otherwise affect any of my prior rulings.

As noted in prior orders, the Court has provided plaintiff with reasonable accommodations; including frequent extensions of time, appearance by phone, access to PACER and electronic case filing, and personalized assistance by the Court's IT department and my Courtroom Deputy. Plaintiff's problems – her pain and concentration/cognitive issues, her need for Dragon Legal software, her "poor access to online time" – cannot otherwise be addressed by the Court.

Plaintiff also asks the Court to be "formally supported by the MS Society's advocacy supports on the record." Docket No. 80 at 15. It is unclear what plaintiff is asking me to allow. Whether plaintiff receives assistance from the MS Society is a matter outside of my control. Plaintiff also requests unspecified "communication aides" and "qualified Court appointed representatives" in Federal Court. *Id*. at 16. Civil litigants do not have a right to appointment of counsel in Federal Court, even if counsel could provide valuable assistance. Even for indigent plaintiffs proceeding pro se under 28 U.S.C. § 1915 – which Ms. Anaya is not – appointment of counsel is within the sound discretion of the court and granted only in "exceptional circumstances." *See, e.g., Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Taking as true plaintiff's complaints about the debilitating nature of her MS and other ailments, the request to appoint counsel or provide unspecified "communication aides" is DENIED. The Court recognizes that plaintiff has taken the Court's recommendation and sought assistance from the Court's Pro Se

2

Help Desk, and encourages her to continue to do so.

As noted above, the Court has provided reasonable accommodations to plaintiff. I am sorry that plaintiff has suffered and may continue to suffer from a lack of concentration and other cognitive issues, conditions that may cause her fatigue and impede her ability to understand the implications of my orders, but those issues do not impose a duty on the Court to appoint her aides and representatives in addition to the other accommodations mentioned above.

### III.  MOTION TO RECONSIDER DISMISSAL OF CLAIMS AGAINST THE MJCC

Finally, plaintiff asks me to reconsider the dismissal with prejudice of her claims asserted against the MJCC. As an initial matter, in dismissing her claims against the MJCC, I took as true that plaintiff is disabled and that the MJCC knew of her disability. However, the facts alleged by plaintiff – not her legal theories – were insufficient to state a claim under the Americans with Disabilities Act or a conspiracy to violate her constitutional rights. Plaintiff's problem was not the lack of counsel or the inability to understand the legal consequences of my prior orders. It was that the facts of the incidents on and leading up to May 23, 2012 did not and could not support any claim that the MJCC violated her rights under the ADA or the constitution.

In her most recent pleadings, plaintiff focuses again on the fact that Barbara from the MJCC denied her a chair when Barbara attempted to speak with plaintiff, causing plaintiff to collapse, and that plaintiff's MS prevented her from getting up.[1] In plaintiff's view, these facts support her claim that the MJCC should not have called the Sheriff's Department and that the Sheriff's Department should not have arrested her for trespassing, but should have provided medical assistance instead. As I found in my prior order, these facts cannot support an ADA claim or a claim that the MJCC conspired with the Sheriff's Department to have plaintiff falsely arrested for trespassing. While I assume that the MJCC and Barbara were aware of plaintiff's disability, there are no facts showing that Barbara knew or expected that plaintiff – who by her own admission regularly used the facilities at the MJCC – was in danger or would collapse at that

---

[1] For the first time in her pleadings, plaintiff admits that a wheelchair was provided at some point on May 23, 2012, but alleges that she "briefly" fell out of it and the wheelchair was then "taken from me in favor of arrest." Docket No. 80 at 17.

1  moment and be unable to get up.  Accordingly, there is no support for any type of allegation that
2  MJCC violated plaintiff's ADA rights or had a plan with the Sheriff's Department to deny plaintiff
3  medical treatment and have her arrested for trespassing.

    Plaintiff's motion for reconsideration is DENIED.

    **IT IS SO ORDERED**.

Dated: January 9, 2015



WILLIAM H. ORRICK
United States District Judge