UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZMA DIWALI ANAYA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIN COUNTY SHERIFF,<br><br>        Defendant. | Case No. 13-cv-04090-WHO<br><br>**ORDER DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 86 |

The Marin County Sheriff's Office moves to dismiss plaintiff's Third Amended Complaint.[1] On her fourth try, plaintiff still fails to state a claim against the Sheriff's Office under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), or any other theory. I recognize that the events she describes have obviously upset her, but despite my having provided detailed directions about what facts were missing from the prior complaints, and construing all of her pleadings and memoranda liberally, plaintiff has not alleged a plausible claim against the Sheriff's Office. The motion to dismiss is GRANTED and plaintiff's claims against the Sheriff's Office are DISMISSED WITH PREJUDICE.

**BACKGROUND**

The facts underlying plaintiff's claims against the Marin County Sheriff's Office – starting with her arrest on May 23, 2012 and through her time in jail, ending May 24, 2012 – are described in detail in my November 29, 2014 Order dismissing the claims with leave to amend. Dkt. No.

---

[1] I treat the following documents as constituting plaintiff's operative Third Amended Complaint; Dkt. No. 1 (Complaint); Dkt. No. 21 (Amended Complaint with Claims); Dkt. No. 64 (Second Amended Claim); and Dkt. No. 83 (Third Amended Claim). In both of my prior Orders dismissing plaintiff's claims with leave to amend, Dkt. Nos. 46 & 73, I explained in detail what facts were missing. I have also granted plaintiff twelve extensions of time – often to allow plaintiff to schedule further appointments with the Court's Legal Help Center for unrepresented parties – and responded to repeated and numerous requests for accommodations. *See, e.g.,* Dkt. Nos. 11, 13.

73. In that Order, I dismissed plaintiff's civil rights claims under 42 U.S.C. § 1983 against the Sheriff's Office for failure to plead facts showing that she suffered any constitutional injury (false arrest/false imprisonment, suppression of First and Fourth Amendment rights, unconstitutional conditions of confinement, and excessive force) and failure to plead facts showing that her alleged injuries were the result of a custom or policy or failure to train by the Sheriff's Office, as opposed to random acts or single instances of unconstitutional conduct. Dkt. No. 73 at 6-7,10-12, 14, 16. In particular, I pointed out how plaintiff failed to plead facts showing that the Sheriff's Office has a policy or custom of suppressing speech by arresting protestors (*id*. at 11); failed to plead facts showing that the force used by the deputies was excessive and malicious (*id*. at 12); failed to plead facts showing that the conditions at the jail demonstrated deliberate indifference to her medical conditions and basic human needs that were known by the deputies (*id*. at 14); and failed to plead facts showing that she needs specific medicines or medical accommodations at specific times, that the deputies were made aware of these needs, and the denial resulted in a significant injury or wanton infliction of pain (*id*. at 16).[2]

I dismissed plaintiff's claims under the ADA for failure to plead facts showing why her transportation in a "too small" car to the jail and her temporary denial of a wheelchair at the jail violated the ADA. *Id*. at 18 (plaintiff failed to plead facts showing why transport by car was not appropriate given plaintiff specific disability/condition and why she needed a wheelchair in the jail at the specific time she was allegedly denied one).[3]

In her Third Amended Complaint (TAC), plaintiff does not add any new allegations, but

---

[2] In that Order, I also explained the concept of *Monell* liability, and that if plaintiff wanted to sue the individual deputies directly, she needed to plead facts regarding each deputy's role in the events. Dkt. No. 73 at 6-9. In her Third Amended Complaint and her opposition to the pending motion to dismiss, plaintiff makes it clear that she does not intend to sue any individual deputy and is pursing claims only against the Sheriff's Office. Dkt. No. 92 at 12.

[3] I did not reach the viability of plaintiff's tort claims, because the Sheriff's Office had not had the chance to challenge the bases for plaintiff's tort claims. *Id*. at 19.

instead repeats the allegations contained in her prior pleadings. Dkt. 83.[4]

In her opposition to the motion to dismiss, plaintiff makes it clear that she is not suing or intending to sue individual deputy sheriffs, but seeks relief only against the Sheriff's Office for its alleged failures to train and for their custom or policies of civil rights violations. Dkt. No. 92 at 12 ("The 3rd Amended complaint is in suit against the County of Marin through the MCSD, not in suit against any particular individual officers. No specific individuals are sued herein.").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the

---

[4] At oral argument, I asked plaintiff to describe for me in her own words her theory of the case and why the case should go forward. Plaintiff explained that she believed the May 23, 2012 arrest was not only unjust and illegal, but that her subsequent arrests in San Rafael (while watching a movie in her car) and in San Francisco Superior Court (while attempting to file papers related to a small claims case) are related, and the result of a conspiracy orchestrated by the Marin District Attorney. Besides describing those incidents, however, she did not assert any facts that could link them to the case before me.

3

Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

As plaintiff is not seeking to hold any individual deputy sheriff liable for her treatment, I will focus solely on plaintiff's claims against the Sheriff's Office.

**I. CIVIL RIGHTS VIOLATIONS**

As noted above, plaintiff's constitutional violation claims were dismissed because plaintiff failed to plead facts showing (i) that she suffered any constitutional injuries (false arrest/false imprisonment, suppression of First and Fourth Amendment rights, unconstitutional conditions of confinement, and excessive force) and (ii) that her alleged injuries were the result of a custom or policy or failure to train by the Sheriff's Office, as opposed to random acts or single instances of unconstitutional conduct. Dkt. No. 73 at 6-7,10-12, 14, 16.

Plaintiff has not added any facts to her Third Amended Complaint to cure the deficiencies I specifically identified in my prior Order. Plaintiff has failed to state any new facts about her conduct and her injuries to plausibly allege that her constitutional rights were violated by false arrest/imprisonment, that she was arrested in order to suppress her First and Fourth Amendment rights, or that she was subject to unconstitutional conditions of confinement. Also, plaintiff does not point to any additional facts that could plausibly show that MCSO has a custom or policy of making false arrests, making arrests to suppress First and Fourth Amendment rights, subjecting those arrested to unconstitutional conditions of confinement, and using excessive force in arrests and while holding those arrested in jail.

4

Finally, plaintiff has failed to allege facts showing that any constitutional violation was caused by the Sheriff's Office failure to train its deputies. In her Third Amended Complaint, plaintiff alleges that in a second incarceration in Marin County, a deputy admitted to her that, "Honestly I train officers for ADA matters. They get a few short lessons in the beginning but all we know is how to manhandle. They forget or are in the field. We do not train much here." Dkt. No. 83 at 5-6. This allegation regarding training still fails to plead a claim because plaintiff has not alleged facts showing that her constitutional rights were violated *due to* the lack of ADA training. *See* Dkt. No. 12, 14, 16. As noted in my prior order, the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely."); *cf. Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.").

Here, plaintiff fails not only to allege facts that would show constitutionally deficient training for handling prisoners with disabilities – other than the vague statement that the County does not "train much" and that deputies may forget their training – but plaintiff has continuously failed to allege any facts to show that the alleged lack of training caused *her* to suffer a constitutional injury.

Having had four attempts to state a claim against the Sheriff's Office for violation of her constitutional rights, but still being unable to do so, plaintiff's constitutional claims are DISMISSED WITH PREJUDICE.

**II. ADA VIOLATIONS**

Plaintiff's ADA violations in her prior complaints were dismissed because plaintiff failed to allege why transporting her to jail in a car and denying her a wheelchair at the jail for some unspecified period violated her rights under the ADA. Dkt. No. 73 at 18. I explained in detail the sorts of factual allegations that were missing. *Id*. (noting plaintiff failed to explain why

5

transporting her in the car was inappropriate given her claimed disability). There is nothing in plaintiff's Third Amended Complaint that cures these defects or provides the missing facts. After having multiple opportunities to attempt to state her ADA claim, and having failed to do so, plaintiff's ADA claims are DISMISSED WITH PREJUDICE.

## III. TORT VIOLATIONS

As noted in my prior Order, plaintiff asserts tort claims against Marin for false arrest/false imprisonment, as well as excessive force, and negligent and intentional infliction of pain due to the deputies' conduct. As discussed below, plaintiff has not alleged sufficient facts to state her tort claims. These too must be dismissed with prejudice.

### A. False Arrest or False Imprisonment

Plaintiff asserts that she was falsely arrested and falsely imprisoned based on "contrived charges" of trespassing and resisting/delaying. TAC at 2; *see also id*. at 1-3. An officer cannot be held liable for false arrest or false imprisonment where "[t]he arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful." Cal Pen Code § 847(b)(1). "Reasonable cause to arrest exists when the facts known to the arresting officer would lead a reasonable person to have a strong suspicion of the arrestee's guilt." *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 511 (2006).[5]

Here, plaintiff admits that the Sheriff's Office was summoned by the MJCC because the MJCC believed plaintiff was refusing to get up and leave the facility. Significantly, plaintiff also admits that the paramedics who first responded to the scene cleared her medically. SAC [Dkt. No. 64] at 2 ("after paramedics were called and failed to assess me honestly for a physical disability or a physical challenge to get up. . . . The paramedics took to cooperating instead with a confusion making staged scene to conceal my arrest."); Amended Complaint [Dkt. No. 21] at 4-5 ("The paramedics were called by only briefly before the J.C.C. called the Sheriff to ensure I'd be

---

[5] In her prior pleadings, plaintiff argued that she could not be "guilty" of trespassing and/or resisting arrest, because the charges were "readily dismissed" after intervention by her attorney. *See, e.g.*, SAC at 1. However, subsequent dismissal of a charge does not mean an arrest was "false." Instead the question is whether the arresting officer had reasonable cause at the time of the arrest.

cleared."). Plaintiff admits that she was arrested because she did not get up when instructed to by a deputy (Dominique). TAC at 1. While she asserts that she could not in fact get up given her disabilities, she does not allege *facts* that should have caused Dominique to question the representations made by the paramedics and the MJCC staff on the scene. Dominique was entitled to rely on those representations as well as the paramedics' assessment that plaintiff was suffering from no current physical disability or physical inability to get up. *Cf. Reza v. Pearce*, No. CV 11-01170-PHX-FJM, 2011 WL 5024265, at *2 (D. Ariz. Oct. 21, 2011) (finding that it was "objectively reasonable" for officers to have believed that plaintiff committed the crime of trespass in part because "[p]laintiff has not alleged that the Officers knew of or shared defendant Pearce's allegedly racial or political motives for excluding plaintiff. It was therefore objectively reasonable for the Officers to rely on a Senate President's order to exclude disruptive people from the Senate building pursuant to the Senate rules."). In short, given plaintiff's own admissions about the conduct of the MJCC and the paramedics – and absent any facts showing that Dominique should have suspected that MJCC staff or the paramedics were not being truthful – Dominique had reasonable cause to arrest plaintiff for trespassing and resisting/delaying.[6]

### B. Excessive Force

Plaintiff also appears to assert a state law claim that the deputies used excessive force in arresting her. She asserts that the deputies used overly tight hand-cuffs and injured her when forcing her into the small patrol car. To state a claim for excessive force under California law, plaintiff must allege facts showing that the use of force was "unreasonable" to make an arrest and overcome resistance. *See, e.g., Jaramillo v. City of San Mateo*, No. 13-CV-00441 NC, 2014 WL 7240265, at *13 (N.D. Cal. Dec. 19, 2014). As noted in dismissing her constitutional excessive force claims in my prior Order [Dkt. No. 73], plaintiff failed to allege facts showing that the deputies' use of force was excessive. Specifically, plaintiff failed to allege that she was cooperating with the deputies and failed to allege facts showing why transport in the patrol car was

---

[6] Plaintiff's repeated assertion that the MJCC, the paramedics, and the Sheriff's Office "conspired" or "cooperated" or "planned" to have plaintiff arrested does not assist plaintiff. As I have repeatedly told plaintiff, she needed to allege facts that would plausibly show the existence of a conspiracy or plan, but failed to do so. *See* Dkt. No. 76 at 6.

inappropriate or how it injured her. Dkt. No. 73 at 12 ("For example, plaintiff does not allege that she attempted to voluntarily enter the patrol car or that she was not resisting the officers, and yet the arresting officers used unnecessary [force] and maliciously forced her into the patrol car."). Plaintiff did not attempt to cure those deficiencies in her Third Amended Complaint.[7] Therefore, any state law excessive force claims must likewise be DISMISSED WITH PREJUDICE.

### C. Negligent or Intentional Infliction of Emotional Distress and Pain

#### 1. Injuries suffered upon arrival at the jail

Under California Government Code section 844.6(a)(2), subject to a few limited exceptions that are not applicable here, a public entity is not liable for "[a]n injury to any prisoner."[8] Any tort claims that plaintiff is asserting from injuries suffered after she arrived at the jail are barred by section 844.6. *See, e.g.*, *Teter v. City of Newport Beach*, 30 Cal. 4th 446, 455 (2003) (a person is a "prisoner" even where he is only held in "detention" and released without charge).[9] Plaintiff's claims of rough handling at the jail or injury from her treatment at the jail cannot be asserted against the Sheriff's Office and are DISMISSED WITH PREJUDICE.

One of the limited exceptions to section 844.6's immunity is that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Govt. Code § 845.6. However, "[l]iability of public entities and public employees under Government Code section 845.6 is limited to *serious and obvious* medical conditions requiring *immediate* care." *Lucas v. Cnty. of L.A.*, 47 Cal. App. 4th 277, 288 (1996) (emphasis added); *see also Lawson v. Superior*

---

[7] Indeed plaintiff admits that the deputies construed plaintiff's behavior as "resisting." *See, e.g.*, TAC at 3 ("The MCSD intentionally injured me as they apparently thought I was resisting so they do so, to hurt me."). As with plaintiff's admission that she had been cleared by the paramedics and that MJCC called the deputies to complain about plaintiff's refusal to get up and leave, the admission that the deputies saw plaintiff's behavior as "resisting," fatally undermines her ability to argue that the deputies' conduct was not reasonable.
[8] California Government Code section 844.6 provides that, with limited exceptions, a "public entity is not liable for: (1) An injury proximately caused by any prisoner. (2) An injury to any prisoner." Under section 844, a person is "a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility, pursuant to penal processes."
[9] As noted above, plaintiff is clear that she is not suing any individual deputy, but seeks relief only against the Sheriff's Office as a public entity.

*Court*, 180 Cal. App. 4th 1372, 1385 (2010) (denial of access to plaintiff's "own medications" and a breast pump "does not amount to neglect of a serious and obvious medical condition."); *Whitney v. Subia*, No. CIVS072158FCDCMKP, 2007 WL 4258821, at *3 (E.D. Cal. Dec. 3, 2007) ("In this case, any possible denial of medical care is contemplative only. Plaintiff has not alleged any actual injury or any actual denial of medical care. He fails to state what medication he would be denied for up to three weeks, and what damage that denial would cause.").

In her TAC, plaintiff alleges that while at the jail she was: denied her medication (TAC at 4-5); denied psychiatric counseling to help reduce her stress (*id.*); denied "medical care of my own accord" (*id.*); and denied medication for pain (*id.*). However, as with her dismissed claims for unconstitutional conditions of confinement, plaintiff fails to allege that her need for specific medical care was not only immediate but also obvious to the deputies. In my prior order, I explained to plaintiff that she needed to plead the following types of facts in support of her claim of unconstitutional deprivation of medical care: (i) identify what medicines she needed to take during her confinement and say why the deputies knew or should have known she needed those medications, and what specific harm arose because she did not have access to specific medications; (ii) allege facts showing that she had an urgent need to speak to psychiatric staff and that the deputies knew or should have known that she needed to speak with psychiatric staff; and (iii) describe how the failure to provide her that access caused her specific harm. Dkt. No. 73 at 16.

Plaintiff failed to allege any of these missing facts in her TAC. Despite repeated direction as to what facts she needed to allege, plaintiff has been unable to allege facts showing that she had an immediate need for medical care that deputies knew (or should have known) of, and that she suffered a particular injury because the deputies did not provide her with that care.

### 2. Injuries suffered prior to arrival at jail.

As noted above, plaintiff also complains of injuries she suffered during her arrest and transportation, prior to her arrival at the jail. Specifically she complains of the use of too tight hand cuffs, pressure placed on her arms and back in getting her into the patrol car, and transport in too small a call. *See, e.g.*, TAC at 3. However, as with her constitutional and state excessive force

1 claims dismissed above, plaintiff has failed to allege adequate facts showing negligent or
2 intentional infliction of emotional distress and pain.

3 The elements of the tort of intentional infliction of emotional distress include: (1) "extreme
4 and outrageous" conduct by the defendant with the "intention of causing, or reckless disregard of
5 the probability of causing, emotional distress"; (2) plaintiff suffering "severe or extreme"
6 emotional distress; and (3) actual and proximate causation of the emotional distress by the
7 defendant's "outrageous conduct." *Catsouras v. Dep't of California Highway Patrol*, 181 Cal.
8 App. 4th 856, 874-75 (2010), *as modified on denial of reh'g* (Mar. 1, 2010) (citing *Christensen v.
9 Superior Court*, 54 Cal.3d 868, 903 (1991). To be outrageous, the conduct must be so extreme as
10 to "exceed all bounds of that usually tolerated in a civilized community." *Id*. To establish the tort
11 of negligence, a plaintiff must show that defendant had a duty to use due care, that he breached
12 that duty, and that the breach was the proximate or legal cause of the resulting injury. *Id*. at 876.
13 In the context of police officer actions, a plaintiff must plead facts to show that the officer acted
14 unreasonably and that the unreasonable behavior harmed plaintiff. *Ortega v. City of Oakland*, No.
15 C07-02659JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008).

16 Because plaintiff has not alleged any facts to support a claim that the deputies acted
17 unreasonably – much less that they acted outrageously – plaintiff's claims for intentional or
18 negligent infliction of emotional distress also fail.

### CONCLUSION

20 Having had multiple opportunities to attempt to plead claims against the Sheriff's Office,
21 and having failed to do so, plaintiff's claims against the Sheriff's Office are DISMISSED WITH
22 PREJUDICE.

23 **IT IS SO ORDERED**.

24 Dated: March 27, 2015

WILLIAM H. ORRICK
United States District Judge